UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**LESTER LEMONS, II**,

      Plaintiff,

v.           **Case No. 16-cv-371-pp**

**ANDREW LARSON, et al.**,

      Defendants.

---

**DECISION AND ORDER DENYING PLAINTIFF'S
MOTION TO APPOINT COUNSEL (DKT. NO. 33) AND
DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR
A TEMPORARY RESTRAINING ORDER (DKT. NO. 32)**

---

  The plaintiff, who is representing himself, filed a lawsuit on December 21, 2015. Dkt. No. 1. On June 17, 2016, he filed two motions: a motion to appoint counsel (Dkt. No. 33) and a motion for a temporary restraining order (Dkt. No. 32). The court will address each motion in turn.

*Motion to Appoint Counsel*

  The plaintiff states in the motion asking the court to appoint a lawyer to represent him that he is indigent and suffers from mental disabilities. Dkt. No. 33. He also states that, through his family, he has contacted more than ten law firms in an effort to find an attorney without the court's help, but has not yet had success. Id.

  The law says that in a civil case like this one, it is up to the court to decide whether to appoint a lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); Ray

1

v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). There are many people who file lawsuits and then tell the court that they cannot afford to hire a lawyer and that they need the court to appoint a lawyer to help them. Because of the large demand, courts first require that a person who asks the court to find a lawyer for him make a reasonable effort to find an attorney on his own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). If the person shows the court that he has tried to find a lawyer on his own, the court then decides "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). To decide that, the court not only looks at whether the person appears to be able to try his case, but also at whether he appears to be able to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

In this case, the plaintiff states that his family, on his behalf, has contacted more than ten law firms, but the plaintiff has not provided the court with any evidence to support this statement. For the plaintiff to satisfy the first Pruitt factor, he must provide the court with the names of at least three of the firms that he (or someone on his behalf) contacted, along with the date of the contact and, if possible, a copy of the response. Until the plaintiff does that, the court will not move to the next step, and look at whether it believes his case is so complicated or complex that he can't present it himself.

The court will deny the plaintiff's motion to appoint him a lawyer, but the denial is without prejudice. That means that if the plaintiff has the information described above, he can file his motion again, and attach the proof that he contacted at least three lawyers or law firms and that they turned him down.

The court notes that, now that it has entered a scheduling order, the plaintiff may use Federal Rules of Civil Procedure 33 and 34 to ask the defendants written questions (i.e., interrogatories) and request documents to obtain information that he believes will help him to prove his version of the events; there is no requirement that a lawyer must make these requests. Thus far, the plaintiff has been able to clearly present his arguments to the court and he seems to have a good grasp of the legal issues. In fact, nothing in the record suggests that the plaintiff cannot continue to represent himself through the discovery phase of litigation. Thus, if the plaintiff chooses to renew his motion for counsel, he should be very specific about why this case is so complicated that he cannot continue, at least in the near term, to handle it on his own.

*Motion for Temporary Restraining Order*

The plaintiff also has filed a motion for a temporary restraining order, asking the court either to issue a "T.R.O. against all defendants in this suit through [] third party contact and direct," or that it order him moved to another institution for the remainder of his case. Dkt. No. 32. In support of this motion, the plaintiff states that he "has been subjected to unfavorable treatment by

3

WCI prison staff which is determined to rest solely on the foundation of this civil suit against WCI prison [personnel]." Id.

The plaintiff makes very broad allegations in his motion; he does not provide any details. He does not explain what he means by "unfavorable treatment," nor does he identify the "WCI prison [personnel]" who are allegedly subjecting him to such treatment. In fact, the plaintiff acknowledges the vagueness of his statements. He requests that, "if a detailed account of the alleged harassment is necessary," the court order that he supplement his motion rather than dismiss it outright. Id. Given the vagueness of the plaintiff's request, the court will deny this motion without prejudice. The plaintiff may refile the motion, but he must add significant detail (e.g., the who, the what, the where, and the when) to support his allegations of mistreatment.

Before the plaintiff decides whether to renew his motion, the court makes the following observations. A temporary restraining order is a form of injunctive relief—because it is temporary, it constitutes preliminary injunctive relief. "A preliminary injunction is an extraordinary remedy intended to preserve the status quo until the merits of a case may be resolved." Indiana Civil Liberties Union v. O'Bannon, 259 F.3d 766, 770 (7th Cir. 2001). To obtain preliminary injunctive relief, whether through a temporary restraining order or preliminary injunction, the person filing the motion must show that (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. Wood v. Buss, 496 F.3d 620, 622 (7th Cir. 2007). If the movant shows those three

things, the court then must balance the harm to each party and to the public interest from granting or denying the injunction. Id.; Korte v. Sebelius, 735 F.3d 654, 665 (7th Cir. 2013); Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir. 1999).

It is very difficult for a party to convince a court to grant a motion for a temporary restraining order, especially when the relief requested will require the court to intervene in the administration of prison affairs (by limiting who can have contact with an inmate or by ordering a transfer of an inmate). Courts must give prisons "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve the internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979). Unless, then, the plaintiff can provide "substantial evidence" to support his allegations—and, in particular, to support and prove the three Wood factors—the court will not interfere with the prison's day-to-day operations. See id. at 547-48.

The court also notes that the only legal claims the plaintiff has before the court are his Eighth Amendment claims against defendants Larson, Peterson, Scouten, Price, Wolf, Winters, Poch, Swigen, Rosethanl, Lash, Bade and Nurse Jameson, and his First Amendment claims against Wolf, Poch, Peterson, Scouten and Winters. Dkt. No. 20 at 11-12. In this motion for a temporary injunction, it appears that the plaintiff may be trying to raise a new claim--that un-named people are treating him badly because he filed this lawsuit. The court understands that the alleged mistreatment did not begin until after the

5

plaintiff filed his complaint, but that does not mean that the court can decide a new legal claim, against (possibly) new defendants, in a motion. The quickest way for the plaintiff to get someone to look into his claims of mistreatment would be for him to use the inmate grievance procedures at his institution. Once he has exhausted that remedy, if he still has a problem, he can consider filing a new lawsuit to raise his new claims.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel (ECF No. 33).

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for a temporary restraining order (Dkt. No. 32).

Dated in Milwaukee, Wisconsin this 22nd day of June, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

6

Case 2:16-cv-00371-PP   Filed 06/22/16   Page 6 of 6   Document 34